UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRYAN COYLE, *ON BEHALF OF HIMSELF AND THOSE SIMILARLY SITUATED*, Plaintiff, | : : : : | |
| v. | : : | No.   5:23-cv-02378 |
| JSL MECHANICAL, INC., STEVEN T. LLOYD, JOSHUA BENTON, and JEFFREY LLOYD, Defendants. | : : : : | |

**O P I N I O N**
Defendants' Motion to Dismiss, ECF No. 9 – Granted

**Joseph F. Leeson, Jr.**                                                                       **September 14, 2023**
**United States District Judge**

I.   **INTRODUCTION**

This case deals with the dissolution of an employment relationship.  Plaintiff Bryan Coyle initiated this action against defendants JSL Mechanical, Inc. ("JSL"), Steven T. Lloyd, Joshua Benton, and Jeffrey Lloyd for, *inter alia*, violations of the Fair Labor Standards Act ("FLSA"), fraud, and unfair or deceptive trade practices.  Defendants have moved to dismiss two of the claims for failure to state a claim.  The Motion is granted without prejudice for the reasons set forth below.

II.   **BACKGROUND**

The following facts are alleged in the Complaint.  JSL is a Pennsylvania business that provides air conditioning, heating, and plumbing services to clientele in Lancaster and Berks counties.  Compl. ¶¶ 5-6, ECF No. 1.  The business is owned and operated by the individual defendants, Joshua Benton, Steven Lloyd, and Jeffrey Lloyd.  Compl. ¶¶ 7-10.  Coyle was

employed by JSL for approximately three years as an HVAC installer.  Compl ¶ 16.  During his time at JSL, Coyle was typically required to work over 40 hours a week.  Compl. ¶ 19.  However, JSL regularly failed to compensate Coyle and other employees for overtime labor.  Compl. ¶¶ 23-26.

On October 10, 2020, JSL and Coyle entered into an Agreement, wherein JSL agreed to pay for Coyle to attend a Refrigerant Transition and Recovery Certification Course.  Compl. ¶¶ 27-28.  Pursuant to the Agreement's terms, JSL would pay for Coyle to receive the certification, but if Coyle's employment terminated for any reason within 60 months of taking the course, Coyle would be "responsible for repayment to [JSL] in the amount of $3,800."  Compl. ¶ 28.  Sometime thereafter, Coyle attended the one-day course, which was held at JSL's facility, and received a certification.  Compl. ¶ 29.  At some point in time, "Defendants falsely claimed that the cost of [Coyle's] refrigerant training was $3,800 when it actually cost approximately one tenth of that amount, at most."  Compl. ¶ 30.  Because he feared having to pay such a large sum of money to JSL, Coyle continued to work for JSL instead of seeking other employment, despite the overtime pay issues.  Compl. ¶ 31.

Coyle became concerned about his rights and he hired an attorney.  On May 15, 2023, Coyle's attorney sent a letter to Defendants on Coyle's behalf, notifying them of their violations of the Fair Labor Standards Act ("FLSA").  Compl. ¶ 36.  Coyle's attorney also demanded to know the actual cost of Coyle's certification course, information which Defendants did not provide.  Compl. ¶ 37.  Coyle spoke to several of his coworkers while at work, informing them that he had retained a lawyer due to JSL's failure to pay overtime wages.  Compl. ¶ 39.  Coyle also gave his attorney's business card to his coworkers and encouraged them to contact his lawyer.  *Id*.  On May 18, 2023, almost immediately after receiving Coyle's FLSA notice,

Defendants terminated Coyle's employment, citing the company's policy against solicitation. Compl. ¶¶ 40-41.

On June 21, 2023, Coyle filed a Complaint in this Court, alleging violations of the FLSA overtime requirements and the Pennsylvania Wage Payment and Collection Law, as well as retaliation in violation of the FLSA, fraud, and fraudulent and deceptive conduct in violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL").  Compl. pp. 8-14.  Defendants filed a Motion to Dismiss for failure to state a claim, asking this Court to dismiss Coyle's fraud and UTPCPL claims.  Mot. p. 1, ECF No. 9.  Coyle filed a response in opposition.  Resp., ECF No. 14.

## III.    LEGAL STANDARDS – Review of Applicable Law

### A.    Motion to Dismiss under Rule 12(b)(6) – Standard of Review

In rendering a decision on a motion to dismiss under Rule 12(b)(6), this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff."  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim.  *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").  "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic

documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Also, "a document integral to or explicitly relied upon in the complaint may be considered." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

      **B.**      **Fraud – Review of Applicable Law**

A fraud claim in Pennsylvania consists of six elements: (1) the defendant made a misrepresentation or concealment; (2) "[w]hich [was] material to the transaction at hand;" (3) the misrepresentation was "[m]ade with knowledge of its falsity" or reckless disregard for the truth, or the concealment was "calculated to deceive"; (4) the defendant intended to "mislead[] another into relying on it;" (5) the plaintiff "[j]ustifiabl[ly] reli[ed] on the misrepresentation;" and (6) the plaintiff's injury was proximately caused by that reliance. *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 205 (3d Cir. 2022) (citing *Gibbs v. Ernst*, 647 A.2d 882, 889, n.12 (Pa. 1994); *Youndt v. First Nat'l Bank of Port Allegany*, 868 A.2d 539, 545 (Pa. Super. Ct. 2005)). "A claim for fraudulent inducement [also] requires proof of the six elements and is available when a person under no duty to enter a contract was deceived into doing so." *Id.* at 206 (citing *Coll. Watercolor Grp., Inc. v. William H. Newbauer, Inc.*, 360 A.2d 200, 206 (Pa. 1976); Justin Sweet, *Promissory Fraud and the Parol Evidence Rule*, 49 Calif. L. Rev. 877, 888 (1961) ("Fraud in the inducement occurs when one party, by means of false statements of fact, warranties, or promises, misleads another into contracting.")).

Additionally, under the Federal Rules of Civil Procedure there is a heightened pleading standard for fraud, as required by Rule 9(b), which provides that "a party must state *with particularity* the circumstances constituting fraud[.]"  Fed. R. Civ. Pro. 9(b) (emphasis added). Consequently it is necessary to "plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation, and must allege who made a misrepresentation to whom and the general content of the misrepresentation." *Hlista v. Safeguard Props., LLC*, 649 Fed. Appx. 217, 221 (3d Cir. 2016) (cleaned up).  The purpose of the heightened standard "is to provide a defendant with notice of the precise misconduct with which he or she is charged and to prevent false or unsubstantiated charges." *Whitaker v. Herr Foods, Inc.*, 198 F. Supp. 3d 476, 485 (E.D. Pa. 2016) (internal quotation and citations omitted).

      C.      **Unfair or Deceptive Trade Practices – Review of Applicable Law**

Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") provides a private cause of action for "any plaintiff "who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal" due to a defendant's unfair or deceptive acts, as defined by the Act.  73 P.S. § 201-9.2(a).  The overarching purpose of the Act is to protect consumers from unfair or deceptive business practices in commercial transactions.  *Corsale v. Sperian Energy Corp.*, 374 F. Supp. 3d 445, 459 (W.D. Pa. 2019) (explaining that the Act was enacted "to even the bargaining power between consumers and sellers" (internal marks and citation omitted)).  The Act prohibits, among other things, unfair or deceptive acts that include "fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201-2(4)(xxi).  To establish a UTPCPL claim for a "deceptive"

act, a plaintiff must allege "(1) a deceptive act [by the defendant], that is conduct that is likely to deceive a consumer acting reasonably under similar circumstances; (2) the plaintiff['s] justifiable reliance on that deceptive act; and (3) that the plaintiff's justifiable reliance resulted in ascertainable loss." *Corsale*, 374 F. Supp. 3d 445, 459.  Because "[t]he Pennsylvania Supreme Court requires plaintiffs who seek to establish a claim under [the UTPCPL catchall] provision to prove the elements of common law fraud[,]" *DeHart v. HomEq Servicing Corp.*, 679 Fed. Appx. 184, 188 (3d Cir. 2017), a UTPCPL claim is subject to the same heightened pleading standard as a fraud claim.  *See Butakis v. NVR, Inc.*, No. 22-2971, 2023 U.S. Dist. LEXIS 59712, at *17 (E.D. Pa. April 5, 2023) (citation omitted).

IV.   ANALYSIS

   A. Fraud Claim

Coyle has failed to state a fraud claim against Defendants.  Coyle claims that "Defendants' statement to Plaintiff that the cost of his refrigerant training was $3,800 was a material factual misrepresentation, made with knowledge of its falsity, and with the intention that Plaintiff would rely on it." Compl. ¶ 76.  Further, Coyle alleges that he relied on the statement to his detriment, because the statement not only induced him to enter into the Agreement but compelled him to continue working for JSL out of fear that he would have to pay Defendants $3,800 if he sought employment elsewhere.  Compl. ¶¶ 31, 76.  In their Motion, Defendants argue that Coyle's fraud claim should be time-barred under the applicable statute of limitations or dismissed under the gist of the action doctrine.  Mot. pp. 6-7.  In his response, Coyle argues that the statute of limitations was tolled by the discovery rule and that the gist of the action doctrine does not apply to claims of fraudulent inducement.  Resp. pp. 6, 8.  However, the Court

need not reach the parties' arguments at this time, because Coyle's fraud claim lacks the required particularity under Rule 9(b).

According to the recitation of facts, the alleged fraudulent statement, or potentially fraudulent statements, were made by "Defendants." There are four named Defendants in this case: the corporate defendant, JSL, and three individuals, apparently officers of the corporation. When reciting the facts, Coyle repeatedly attributes the alleged fraudulent statement, or statements, to all Defendants. Other than the statement contained within the Contract, which was made by JSL, the Complaint does not clarify the extent of the individual defendants' involvement, or whether there was more than one fraudulent statement made. As explained by the Third Circuit, "Rule 9(b) is not satisfied where a plaintiff, . . . merely lumps the who, what, when, and where together." *Riachi v. Prometheus Grp.*, 822 Fed. Appx. 138, 142 (3d Cir. 2020) (citing *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.'"); *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990) (holding that Rule 9(b) was not satisfied where "the complaint lump[ed] all the defendants together and d[id] not specify who was involved in what activity")).

Further, the timetable of when the fraudulent statement, or statements, were made is not sufficiently specific. Coyle alleges that (1) "In the October 10, 2020 Document, Defendants stated that the employer would pay for the course and certification, and if the employee's employment terminates for any reason whatsoever within sixty months, the employee would 'be responsible for repayment to Employer in the amount of $3,800[;]'" (2) "Defendants falsely claimed that the cost of Plaintiff's refrigerant training was $3,800 when it actually cost approximately one tenth of that amount, at most[;]" and (3) "Numerous other employees relied

on Defendants' fraudulent statement about the cost of their training[.]" Compl. ¶¶ 27, 30, 32. As previously mentioned, it is not apparent from the Complaint whether the "statement" referred to is simply the Agreement term that requires "repayment" of the $3,800 upon termination, or whether there is more than one fraudulent statement at issue. Moreover, other than the "statement" contained within the Agreement, it is not clear if the fraudulent statement, or statements, were made before or after Coyle signed the Agreement. In his response, Coyle argues that the Complaint refers to an "oral misrepresentation" outside of the written document, *see* Resp. at 5-6, but this is not reflected in the language of the Complaint. Coyle also concedes that the Complaint "does not specify when, or on how many occasions, or how recently, Defendants lied about the cost of the training they sold to Plaintiff." *See* Resp. at 5-6. Therefore, the Complaint falls short of alleging "the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into [the] fraud allegation," as required under the specificity requirements of Rule 9(b). *See Hlista*, 649 Fed. Appx. at 221 (cleaned up). Thus, for the foregoing reasons, Coyle's fraud claim is dismissed without prejudice.

### B. UTPCPL Claim

Coyle has also failed to state a UTPCPL claim against Defendants. In the Complaint, Coyle claims that "Defendants have engaged in fraudulent and deceptive conduct which creates a likelihood of confusion or of misunderstanding" in violation of the UTPCPL. Compl. ¶ 79. In their Motion, Defendants argue that Coyle does not have standing to bring a UTPCPL claim. Mot. pp. 8-10. Coyle, however, argues that he has standing under the UTPCPL as a "purchaser" of the certification course provided by JSL. Resp. pp. 8-10. However, the Court need not reach

the parties' substantive UTPCPL arguments at this time, because Coyle's UTPCPL claim, like his fraud claim, lacks the required particularity under Rule 9(b).

Coyle's UTPCPL claim stems from the same alleged misrepresentation as his common law fraud claim, i.e. Defendants' allegedly fraudulent statement, or statements, about the value of the certification course.  As mentioned above, Courts have "recognized that Rule 9(b)'s heightened particularity standard may apply not only to claims expressly pleaded as 'fraud,' but also to claims under the [Pennsylvania] UTPCPL . . ., where such claims sound in putatively fraudulent activity or representations.  *Butakis v. NVR, Inc.*, No. 22-2971, 2023 U.S. Dist. LEXIS 59712, at *17 (E.D. Pa. April 5, 2023) (citing *Whitaker v. Herr Foods, Inc.*, 198 F. Supp. 3d 476, 484 (E.D. Pa. 2016) (collecting cases) (holding that the Rule 9(b) pleading standard applies to "fraudulent misrepresentation, UTPCPL, and negligent misrepresentation claims")).  Therefore, for reasons already discussed in the fraud section above, Coyle's UTPCPL claim lacks the required particularity under Rule 9(b) and is dismissed without prejudice.

V. **CONCLUSION**

Coyle's fraud and UTPCPL claims fail to state a sufficiently particular claim for relief, and, as a result, these claims are dismissed without prejudice.  Defendants' motion to dismiss is granted.

Since this Court cannot say for certain at this time whether amendment would be inequitable or futile, it must permit Coyle the opportunity to amend the Complaint. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile").  Accordingly, Coyle is granted leave to amend his Complaint. Coyle is advised that an amended complaint, if filed,

must set forth the causes of action in separate, clearly labeled sections which specifically recite the necessary elements of each claim and the relevant factual support for each element. Moreover, any fraudulent statements must be alleged with specificity. Any amendment must be made in compliance with the time frame set forth in the Order attached to this Opinion.

     A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge