UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRYAN COYLE, *ON BEHALF OF HIMSELF AND THOSE SIMILARLY SITUATED*, Plaintiff, | : : : : | |
| v. | : : | No.   5:23-cv-02378 |
| JSL MECHANICAL, INC., STEVEN T. LLOYD, JOSHUA BENTON, and JEFFREY LLOYD, Defendants. | : : : | |

**O R D E R**

**AND NOW,** this 5th day of March, 2024, upon consideration and review of the unopposed Motion for Approval of the Fair Labor Standards Act Settlement, to which the Settlement Agreement is attached, *see* ECF No. 21; for the reasons set forth therein; and having found that the terms of the settlement are a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act ("FLSA"), *see* 29 U.S.C. § 216,[1] **IT IS HEREBY ORDERED THAT**:

---

[1]  Claims under the FLSA can be settled in two ways: (1) with the Secretary of Labor supervising the payment of unpaid minimum wages or unpaid overtime compensation pursuant to 29 U.S.C. § 216(c); or (2) with the district court's approval of a settlement under 29 U.S.C. § 216(b).  "The Third Circuit has not articulated a standard for analyzing FLSA settlements, but District courts routinely look to the *Lynn's Food Stores* standard when a party seeks judicial approval of an FLSA settlement." *Hunter v. M-B Cos.*, No. 19-cv-04838, 2020 U.S. Dist. LEXIS 127037, at *4 (E.D. Pa. July 20, 2020) (citing *Lynn's Food Stores Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).  Under this standard, a district court must determine that: (1) the settlement resolves a bona fide dispute over FLSA provisions; (2) the settlement is fair and reasonable to the Plaintiff-employee; and (3) the settlement does not frustrate implementation of the FLSA in the workplace.  *See id.*; *Gabrielyan v. S.O. Rose Apartments LLC*, No. 15-cv-1771, 2015 U.S. Dist. LEXIS 135615, at *2-4 (D.N.J. Oct. 5, 2015).

1. The Motion for Approval of Settlement, ECF No. 21, is **GRANTED**.[2]

2. The FLSA Settlement Agreement is incorporated herein and is **APPROVED in part**.[3]

3. The above-captioned action is **DISMISSED**.

4. Except as otherwise provided in the Settlement Agreement, each party shall bear its own attorneys' fees and costs.

5. The case is **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[2] Although the complaint was filed as a collective action complaint, no certification of the collective was ever sought or approved, and the terms of the settlement pertain only to the individual Plaintiff, Bryan Coyle.

[3] The Court approves of the entirety of the settlement agreement apart from Paragraph 28. The Court will only retain jurisdiction over this matter to enforce the settlement for 90 days.